Robert Long
Attorney for Plaintiff
U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street
Fort Worth, Texas 76102-6882
Tel:  (817) 978-3821/-6477
Fax: (817) 978-4927
Longr@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| v. | : C.A. No.  2:09-CV-01799 |
| | : |
| DARYL O. ANDERSON, | : |
| | : |
| Defendant. | : |

## FINAL JUDGMENT AS TO DEFENDANT DARYL O. ANDERSON

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") has filed its

motion for entry of a Final Judgment against Defendant Daryl O. Anderson ("Defendant").

Having considered the motion, the Court is of the opinion that it is well-founded and should be

GRANTED as follows.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c)      to engage in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $930,852, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$131,003.65, for a total of $1,061,855.65, and a civil penalty in the amount of $[INSERT CIVIL

PENALTY AMOUNT] pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant shall satisfy this

obligation by paying $[INSERT TOTAL AMOUNT DUE] within 14 days after entry of this

Final Judgment to the Clerk of this Court, together with a cover letter identifying Daryl O.

Anderson as the defendant in this action; setting forth the title and civil action number of this

action and the name of this Court; and specifying that payment is made pursuant to this Final

Judgment.  Defendant shall simultaneously transmit photocopies of such payment and letter to

the Commission's counsel in this action.  By making this payment, Defendant relinquishes all

legal and equitable right, title, and interest in such funds, and no part of the funds shall be

returned to Defendant.  Defendant shall pay post-judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry

Investment System ("CRIS") or any other type of interest bearing account that is utilized by the

Court.  These funds, together with any interest and income earned thereon (collectively, the

"Fund"), shall be held in the interest bearing account until further order of the Court.  In

accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative

Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  October _ 12, 2010.

 

 

UNITED STATES DISTRICT JUDGE

5